JUDGE CARTER

13 CV 4375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN PUBLIC TRANSPORTATION ASSOCIATION, | ECF CASE |
| Plaintiff, | Case No. ____ |
| v. | COMPLAINT |
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | Jury Demanded |
| Defendants. | |

RECEIVED JUN 25 2013 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTION

1. Public transportation plays a critical function in American society. In the midst of a struggling economy for governments and citizens alike, where budgets are tight for everyone, the last thing public transportation agencies should be forced to do is pay unjustified license fees to patent holders making frivolous infringement claims. Yet, that is exactly what several of our nation's public transportation agencies have already been forced to do as a result of a patent holder named ArrivalStar that claims patents on the idea of telling someone when a vehicle will arrive.

2. ArrivalStar has already targeted many of the nation's public transportation agencies, including this district's own Metropolitan Transportation Authority and its affiliate New York City Transit Authority, both of which were sued by ArrivalStar for patent infringement because

they provide transit information to their customers. Those cases, like every single other ArrivalStar case against a public transportation agency, settled quite quickly (within months after filing) because ArrivalStar's intent is to merely extract a harassment payment from the agencies that it knows will be disproportionally burdened by the litigation process itself. ArrivalStar has also sent threatening letters to many other public transportation agencies and extracted settlements from them based on the mere threat of filing suit.

3. The American Public Transportation Association (APTA) is a national membership organization with over 300 public transportation agency members. APTA exists to represent the interests of its members and brings this suit to protect them from ArrivalStar's patent infringement claims. Through this action, APTA asks the Court to declare that its public transportation agency members can not be sued for patent infringement by ArrivalStar. As set forth below, there are several legal bases for this declaration, the principal one of which is that the 11th Amendment prohibits APTA's state and regional public transportation agency members from even being subject to such suits. Beyond the 11th Amendment immunity, ArrivalStar's patents are themselves invalid, unenforceable, and would not be infringed by APTA's public transportation agency members. Further, ArrivalStar would not be entitled to any remedy under law or equity even if its patents were held to be valid, enforceable and infringed by APTA's public transportation agency members. For these reasons, APTA asks the court to put an end to ArrivalStar's campaign of making patent infringement claims against public transportation agencies.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

5. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction seeking relief under the Federal Declaratory Judgment Act.

6. This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and §§ 301 and 302 of the New York Civil Practice Law and Rules, because they have sufficient contacts with this district. Defendants have not only sued for patent infringement public transportation agencies that operate in this district, the Metropolitan Transportation Authority and New York City Transit Authority, but they also filed in this district a patent infringement suit against a public transportation agency, *ArrivalStar S.A. et al v. The Port Authority of New York and New Jersey*, 1:11-cv-01808-RWS (filed March 6, 2011).

7. Venue in this Judicial District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400.

## PARTIES

8.     Plaintiff AMERICAN PUBLIC TRANSPORTATION ASSOCIATION (APTA) is a not-for-profit 501(c)(6) organization founded in 1974 to strengthen and improve the public transportation industry. See http://www.apta.com. APTA's membership includes almost all of the nation's public transportation agencies engaged in providing Americans bus, paratransit, light rail, commuter rail, subways, waterborne passenger services, and high-speed rail services. To strengthen and improve public transportation, APTA serves and leads its diverse membership through advocacy, innovation and information sharing. APTA and its members and staff work to ensure that public transportation is available and accessible for all Americans in communities across the country. APTA brings this action on behalf of its public transportation agency members who are at risk of being threatened or sued by Defendants for patent infringement. APTA makes the statements herein upon knowledge as to self and upon information and belief as to all other parties.

9.     Defendant ARRIVALSTAR S.A. is a corporation organized under the laws of Luxembourg, having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

10.    Defendant MELVINO TECHNOLOGIES, LIMITED is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

11.    Since they act in concert for all purposes related hereto, Defendants are collectively referred to herein as ArrivalStar.

ARRIVALSTAR'S PATENT ASSERTION AGAINST PUBLIC TRANSIT AGENCIES

ArrivalStar's Patent Portfolio

12. ArrivalStar owns or is the exclusive licensee of patents relating to arrival and status messaging systems and methods for the transportation industry. These patents include the following:

A. U.S. Patent No. 5,657,010, entitled "Advance notification system and method utilizing vehicle progress report generator";

B. U.S. Patent No. 6,317,060, entitled "Base station system and method for monitoring travel of mobile vehicles and communicating notification messages";

C. U.S. Patent No. 6,411,891, entitled "Advance notification system and method utilizing user-definable notification time periods";

D. U.S. Patent No. 6,486,801, entitled "Base station apparatus and method for monitoring travel of a mobile vehicle";

E. U.S. Patent No. 6,714,859, entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle";

F. U.S. Patent No. 6,741,927, entitled "User-definable communications methods and systems";

G. U.S. Patent No. 6,748,320, entitled "Advance notification systems and methods utilizing a computer network";

H. U.S. Patent No. 6,804,606, entitled "Notification systems and methods with

5

user-definable notifications based upon vehicle proximities";

   I. U.S. Patent No. 6,904,359, entitled "Notification systems and methods with user-definable notifications based upon occurance of events";

   J. U.S. Patent No. 6,952,645, entitled "System and method for activation of an advance notification system for monitoring and reporting status of vehicle travel";

   K. U.S. Patent No. 7,030,781, entitled "Notification system and method that informs a party of vehicle delay";

   L. U.S. Patent No. 7,089,107, entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle"; and,

   M. U.S. Patent No. 7,400,970, entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle".

  13. ArrivalStar has asserted these specific patents in litigation against public transportation agencies and also asserted that it has other patents and pending patent applications that are or would be infringed by those agencies. APTA intends to include in this complaint all such patents and patent applications and reserves the right to amend its pleadings to expressly include any newly asserted or issued patents as necessary.

ArrivalStar's Pursuit of Harassment Settlements

  14. ArrivalStar has filed patent infringement suits against the following public transit agencies for infringing these patents:

   A. Massachusetts Bay Transportation Authority in March 2010;

  B. Metropolitan Transportation Authority and New York City Transit Authority in December 2010;

  C. The Port Authority Of New York And New Jersey in March 2011;

  D. Maryland Transit Administration in March 2011;

  E. Greater Cleveland Regional Transit Authority in February 2012;

  F. Monterey-Salinas Transit Corporation February 2012;

  G. Tri-County Metropolitan Transportation District Of Oregon in March 2012;

  H. Central Puget Sound Regional Transit Authority in June 2012;

  I. Raleigh Area Transit in June 2012; and,

  J. Concord Kannapolis Area Transit in June 2012.

 15. All of these suits were settled or dismissed by ArrivalStar quite quickly, in all but one case within months of initial filing, and none proceeded to trial. ArrivalStar's goal in filing each suit was not to seek remedy for a legitimate claim, but rather to settle for an amount below the cost to each defendant to defend itself in court. ArrivalStar has also sent threatening letters to other public transportation agencies accusing them of patent infringement and demanding license payments well below the expected cost of litigation.

 16. Most of the public transportation agencies that have been sued by ArrivalStar for patent infringement are members of APTA. For example, the Massachusetts Bay Transportation Authority, Metropolitan Transportation Authority, New York City Transit Authority, Port Authority of New York and New Jersey, Maryland Transit Administration, Greater Cleveland

Regional Transit Authority, Monterey-Salinas Transit Corporation, and Tri-County Metropolitan Transportation District of Oregon, each of whom were sued by ArrivalStar for patent infringement, are APTA members. For these and other reasons, APTA is well aware of ArrivalStar's litigation history and has no reason to believe that its other public transportation agency members are not similarly at risk of being sued for patent infringement. In fact, APTA is expressly aware of other specific public transportation agency members who have indeed been threatened with identical patent infringement claims by ArrivalStar.

17.   For example, the Toledo Area Regional Transit Authority (TARTA) is an APTA public transportation agency member that operates regional bus service for the greater Toledo area in Ohio, which includes the City of Toledo, the City of Sylvania, the City of Rossford, the City of Maumee, the City of Waterville, the Village of Ottawa Hills, the Township of Sylvania and the Township of Spencer. TARTA was established in 1971 under the laws of the State of Ohio. On February 22, 2012, ArrivalStar sent a threatening letter to TARTA accusing it of infringing thirty-four patents, including the ones identified above. A copy of ArrivalStar's letter is attached hereto as Exhibit 1. In its letter, ArrivalStar specifically identified the TARTA Tracker, a program where riders can receive estimated TARTA bus stop times sent directly to their mobile device, as infringing its patents. ArrivalStar demanded a payment of $150,000, an amount well below the typical cost to defend oneself in patent litigation. ArrivalStar has used similar threatening letters to extract settlements from other public transportation agencies as well.

## ARRIVALSTAR'S CLAIMS ARE BARRED BY THE 11th AMENDMENT

18. The 11th Amendment to the Constitution states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Because patent law is exclusively federal law, patent infringement lawsuits can only be brought in federal courts, and, thus, a state cannot be sued for patent infringement at all. While Congress in 1992 attempted to abrogate the 11th Amendment immunity for patent infringement claims, the Supreme Court held that act was unconstitutional. Thus, no state can be sued for patent infringement. No nonfrivolous dispute over this point is plausible.

19. The 11th Amendment also unquestionably extends to any governmental agency that is an arm of the state. For transit authorities specifically, the Supreme Court in 2002 in *Federal Maritime Commission v. South Carolina State Ports Authority* upheld the determination of the lower Court of Appeals that the South Carolina State Ports Authority (SCSPA) was an arm of the state and, therefore, protected by the 11th Amendment. Similarly, the Court of Appeals for the District of Columbia in *Morris v. Washington Metro. Area Transit Authority* specifically held that the Washington Metropolitan Transit Authority, an entity created by Maryland, Virginia, and the District of Columbia to operate a mass transit system for the District of Columbia and the surrounding suburban areas of Maryland and Virginia, was an arm of the state. Thus, the 11th amendment immunizes APTA's state and regional public transportation agencies from any suit for patent infringement and there is no credible argument to the contrary.

20. ArrivalStar had actual knowledge of this issue at latest during the Maryland Transit case, where a motion to dismiss based on the issue was filed by the defendant in April 2011. Thus, by that date, ArrivalStar knew it had no basis to assert its patents against state and regional public transportation agencies. Yet it continued to file the actions in 2012 and make the threat to TARTA by letter in 2012, all without any legal basis for doing so.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF 11th AMENDMENT IMMUNITY)

21. APTA realleges and incorporates each of the above paragraphs as if fully set forth herein.

22. Each state and regional public transportation agency member of APTA, including specifically TARTA, is immune from being sued for patent infringement by ArrivalStar under the 11th Amendment.

23. APTA seeks and is entitled to a declaratory judgment that each state and regional public transportation agency member of APTA, including specifically TARTA, is immune from being sued for patent infringement by ArrivalStar.

### SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF PATENT INVALIDITY)

24. APTA realleges and incorporates each of the above paragraphs as if fully set forth herein.

25. Each claim of each patent in suit is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of

the requirements of §§ 101, 102, 103, and 112.

26. Each claim of each patent in suit is invalid because, among other things, each covers ineligible subject matter.

27. Each claim of each patent in suit is invalid because, among other things, each violates the prohibition against double patenting.

28. Each claim of each patent in suit is invalid because, among other things, there is prior art that anticipates or renders obvious each claim.

29. Each claim of each patent in suit is invalid because, among other things, each fails to satisfy the requirements of written description, enablement and best mode.

30. APTA seeks and is entitled to a declaratory judgment that each claim of each patent in suit is invalid.

### THIRD CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

31. APTA realleges and incorporates each of the above paragraphs as if fully set forth herein.

32. Each patent in suit is unenforceable due to inequitable conduct.

33. Each patent in suit is unenforceable due to prosecution laches.

34. Each patent in suit is unenforceable due to misuse.

35. APTA seeks and is entitled to a declaratory judgment that each patent in suit is unenforceable.

## FOURTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

36. APTA realleges and incorporates each of the above paragraphs as if fully set forth herein.

37. APTA's public transportation agency members' making, using, offering for sale, selling and/or importing of any system or method does not infringe any valid and properly construed claim of any patent in suit.

38. APTA seeks and is entitled to a declaratory judgment that no APTA public transportation agency member can be held to infringe any claim of any patent in suit.

## FIFTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT OF NO ENTITLEMENT TO ANY REMEDY)

39. APTA realleges and incorporates each of the above paragraphs as if fully set forth herein.

40. ArrivalStar is not entitled to any damages if any APTA public transportation agency member is held to infringe any valid and enforceable claim of any patent in suit.

41. ArrivalStar is not entitled to any injunctive relief if any APTA public transportation agency member is held to infringe any valid and enforceable claim of any patent in suit.

42. APTA seeks and is entitled to a declaratory judgment that ArrivalStar is not entitled to any relief, legal or equitable, if any APTA public transportation agency member is held to infringe any valid and enforceable claim of any patent in suit.

PRAYER FOR RELIEF

WHEREFORE, APTA respectfully asks the Court to:

A. Declare that each state and regional public transportation agency member of APTA, including specifically TARTA, is immune from being sued for patent infringement by ArrivalStar.

B. Declare that each claim of each patent in suit is invalid;

C. Declare that each patent in suit is unenforceable;

D. Declare that each public transportation agency member of APTA cannot be held to infringe any claim of any patent in suit;

E. Declare that ArrivalStar is not entitled to any relief, legal or equitable, if any public transportation agency member of APTA is held to infringe any valid and enforceable claim of any patent;

F. Enjoin ArrivalStar from taking any action to enforce any patent in suit against any public transportation agency member of APTA;

G. Issue an order declaring this case exceptional under 35 U.S.C. Sec. 285;

H. Issue and order requiring ArrivalStar to pay APTA's costs and reasonable attorneys' fees incurred in connection with this action; and

I. For such other and further relief as the Court deems just.

REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), APTA hereby demands a jury trial on all issues so triable.

Respectfully submitted,

By: _____

Dated: New York, New York
June 25, 2013

Daniel B. Ravicher
Sabrina Y. Hassan
PUBLIC PATENT FOUNDATION, INC.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, New York 10003
Tel.: 212-545-5337
Fax.: 212-591-6038
Email: info@pubpat.org

*Attorneys for Plaintiff*